1 | DAVID L. ANDERSON (CABN 149604)
United States Attorney
2 | SARA WINSLOW (DCBN 457643)
Chief, Civil Division
3 | KIMBERLY A. ROBINSON (DCBN 999022)
Assistant United States Attorney
4 |
    450 Golden Gate Avenue, Box 36055
5 |     San Francisco, California 94102
    Telephone: (415) 436-7298
6 |     Facsimile:  (415) 436-6748
    Email:  kimberly.robinson3@usdoj.gov
7 |
Attorneys for the United States of America
8 |

**FILED**

**APR 15 2019**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

9 |         UNITED STATES DISTRICT COURT

10 |       NORTHERN DISTRICT OF CALIFORNIA

11 |          SAN FRANCISCO DIVISION

12 | **CV 19 80099 MISC KAW**

13 | *Matter of Dr. Eric Chambon*        ) MISC. NO.
Ref. No. 18/1169 DJ Reference Number: 189-40 )
14 | 19-2                     )
                              ) **MEMORANDUM OF POINTS AND**
15 | LETTER OF REQUEST FROM THE     ) **AUTHORITIES IN SUPPORT OF UNOPPOSED**
TRIBUNAL DE GRANDE INSTANCE DE   ) **APPLICATION FOR ORDER PURSUANT TO**
16 | LILLE, FRANCE FOR INFORMATION FROM) **28 U.S.C. § 1782**
GOOGLE, INC.                        )
17 | _____)

18 |

19 |                       **INTRODUCTION**

20 |     In the above-captioned civil action pending in the Tribunal de Grande Instance de Lille, France,

21 | the French Court has requested assistance under the Hague Convention in the taking of evidence from

22 | Google Inc. ("Google).  Lacking jurisdiction to obtain information directly from Google on United

23 | States soil, the French court has requested international judicial assistance to provide it with information

24 | from Google relevant to that civil matter.  The present application requests that this Court appoint

25 | Assistant United States Attorney Kimberly A. Robinson as Commissioner to take testimony from

26 | Google, so that AUSA Robinson can subpoena certain information from Google to transmit to the

27 | French Court.  Google and the United States Attorney's Office have met and conferred about the

28 | substance of the requests and about the procedure to provide the French court with the information it

MEMORANDUM OF POINTS AND AUTHORITIES
1

1  seeks.  Google does not object to the appointment.

2  **I.      FACTUAL BACKGROUND**

3        **A.      Information Sought By The French Court.**

4             This application pertains to a Request for Assistance sought by the French Court for names, login

5  I.P. addresses, and email addresses for individuals identified in the request that published reviews on

6  Google about Dr. Eric Chambon, a French plastic surgeon who practices in Lille, France.  Dr. Chambon

7  seeks to bring a defamation suit against the individuals who published the allegedly defamatory reviews

8  about his surgical practices.  Without information identifying the individuals, Dr. Chambon cannot

9  establish the elements of a prima facie case for defamation under the relevant international law.

10       **B.      Meet And Confer With Google.**

11            The undersigned Assistant U.S. Attorney has met and conferred telephonically and via electronic

12  mail with legal counsel for Google regarding the French Court's request.  Robinson Decl. at ¶ 4.  During

13  he meet and confer, Google requested additional information to identify the users who reviewed Dr.

14  Chambon.  On March 20, 2019, the undersigned Assistant U.S. Attorney was able to provide that

15  information.  *Id.* at ¶ 7.  Google is willing to provide the requested information for the specified users in

16  response to appropriate legal process after it provides 21-days notice to the users of the legal process and

17  the users do not object to production during the notice period.  Google's position is that it can provide

18  the information directly to the U.S. Attorney's Office pursuant to a United States federal court subpoena

19  for the information.  *Id.* at ¶ 4. The United States Department of Justice Civil Division, Office of

20  International Judicial Assistance, to whom the requests were addressed, has confirmed that this

21  procedure will be acceptable.  *Id.* at ¶ 5.

22  **II.     ARGUMENT**

23            The United States District Courts are empowered by 28 U.S.C. Section 1782 to subpoena

24  witnesses and compel the production of documents on behalf of foreign and international tribunals.  In

25  this case, an Argentine court requests the U.S. Department of Justice to obtain information and

26  documents from Google in Mountain View, California, which is located within the jurisdiction of this

27  Court.  As set forth in the accompanying Declaration and Proposed Order, the United States and Google

28

MEMORANDUM OF POINTS AND AUTHORITIES

1  have negotiated a mutually acceptable procedure to handle the request in this particular case.

2  **A.    This Court Should Appoint A Commissioner To Subpoena Information From**
   **Google On Behalf Of The French Court.**

3

4  The authority of this Court to order the production of evidence for use in a proceeding in a

5  foreign country is set forth in 28 U.S.C. § 1782, which provides:

6  > The district court of the district in which a person resides or is found may order
   > him to give his testimony or statement or to produce a document or other thing for
7  > use in a proceeding in a foreign or international tribunal.  The order may be made
   > pursuant to a letter rogatory issued, or request made, by a foreign or international
8  > tribunal or upon the application of any interested person and may direct that the
   > testimony or statement be given, or the document or other thing be produced,
9  > before a person appointed by the court.  By virtue of his appointment, the person
   > appointed has the power to administer any necessary oath and take the testimony
10 > or statement.

11 28 U.S.C. § 1782(a).  The legislative history shows that Congress intended for the United States to set an

12 example for other countries in rendering international judicial assistance.  The Senate report states:

13 > Enactment of the bill into law will constitute a major step in bringing the United
   > States to the forefront of nations adjusting their procedures to those of sister
14 > nations and thereby providing equitable and efficacious procedures for the benefit
   > of tribunals and litigants involved in litigation with international aspects.

15
   > It is hoped that the initiative taken by the United States in improving its
16 > procedures will invite foreign countries similarly to adjust their procedures.

17 S. Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

18 The proper criteria for determining whether the court should exercise its discretion in favor of

19 assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District*

20 *Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

21 > Under the statute the only restrictions explicitly stated are that the request be
   > made by a foreign or international tribunal, and that the testimony or material
22 > requested be for use in a proceeding in such a tribunal. This court also has held
   > that the investigation in connection with which the request is made must relate to
23 > a judicial or quasi-judicial controversy.

24 555 F.2d at 723 (citation omitted).

25 The letters of request in this case establish that (1) the requests were made by a foreign tribunal,

26 the Tribunal de Grande Instance de Lille, France; (2) the information sought is for use in proceedings in

27 that tribunal; and (3) the requests relate to a judicial controversy in France.  Accordingly, the request

28

MEMORANDUM OF POINTS AND AUTHORITIES

1 comes well within those circumstances contemplated by Congress in expanding the federal courts'

2 authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the*

3 *United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko*

4 *District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this

5 Court to honor the requests for assistance.

6            **B.**       **Google And The United States Have Agreed That Google May Send Responsive Information To The U.S. Attorney's Office.**

7

8         The United States and Google have agreed that Google may release the requested information in

9 this particular case directly to the U.S. Attorney's Office in San Francisco in accordance with the terms

10 and conditions set forth in the accompanying proposed order. Google has stated that it does not oppose

11 the entry of the accompanying proposed order. Robinson Decl. at ¶ 7.

12         The reception of letters rogatory and the appointment of a Commissioner to execute them are

13 matters customarily handled ex parte, and persons with objections to the request raise those objections

14 by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220.

15 However, the United States has met and conferred with Google and served Google with this application

16 and supporting papers, and Google does not object to the relief requested therein. Robinson Decl. ¶¶ 4,

17 7. As described in the proposed order, Google will provide notice of the subpoena to the relevant users

18 and afford them the opportunity to file an objection or motion to quash in this action.

19 **CONCLUSION**

20         For the foregoing reasons, the United States respectfully requests this Court to issue the

21 accompanying proposed order.

22

23 DATED: April 15, 2019                Respectfully submitted,

24                                  DAVID L. ANDERSON

25                                  */s/ Kimberly A. Robinson*

26                                  KIMBERLY A. ROBINSON
                                 Assistant United States Attorney

27

28

MEMORANDUM OF POINTS AND AUTHORITIES